IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES B.O., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, <br><br> Respondent. | Civil No. 1:26-cv-04683-MWJS <br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART <br><br> A# 222-557-424 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Andres B.O.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an application for temporary restraining order (the "TRO application"), Dkt. No. 2.

For over nineteen years, Petitioner has lived in the United States, having first entered without inspection in 2007. Dkt. No. 1, at pg. 4. Since then, he has "established a life in Utah, where he has worked as a roofer for nearly two decades" and attended the same church since 2008. *Id*. And given his ties to the community there, he contends he is not a flight risk. *Id*. at pg. 5. He has no criminal history. On June 8, 2026,

---

[1]   For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner was arrested and detained by ICE while on his way to work in Salt Lake City and has remained in ICE custody since then.  Upon his arrest, the government initiated removal proceedings against him, and his case is currently pending.  After being taken into custody, Petitioner has been transferred between various immigration detention facilities, first in Utah, and then to Wyoming, before his current detention at the California City Detention facility.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).  Dkt. No. 1, at pg. 9.  He contends that the Government has not provided him with any individualized custody determination since his arrest, which the statute and implementing regulations entitle him to.  *Id*. at pg. 6.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Anderson O.H.G. v. Johnson*, 1:26-cv-03248-MWJS, 2026 WL 1330831(E.D. Cal. May 12, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore,

the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 5. The court appreciates Respondents' timely and candid response. Dkt. No. 6. Although Respondents maintain that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2), they do "not identify material differences between this case and those listed in the [c]ourt's order." *Id.* Respondents do not oppose the court ruling directly on the petition, they do not request a hearing, and they do not intend to file any additional affirmative briefing. *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends in his first claim for relief that he is entitled by statute to a bond hearing. Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. Respondents shall file a status report within ten days of the date of this order, confirming whether a bond

hearing has been held and, if so, the outcome of that hearing.  Given the foregoing,

Petitioner's TRO application, Dkt. No. 2, is DENIED AS MOOT.

The Clerk of Court is directed to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  June 25, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-04683-MWJS; *Andres B.O. v. Warden of the California City Correctional Center*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART